

```
┌─────────────────────────────┐
│          FILED              │
│   ┌─────────────────────┐   │
│   │    NOV - 4 2005      │   │
│   └─────────────────────┘   │
│ UNITED STATES BANKRUPTCY COURT │
│ EASTERN DISTRICT OF CALIFORNIA │
└─────────────────────────────┘
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re        )  Case No. 04-34001-C-7
          )
HARRY WARMACK and   )  DC No. MOH-3
VIOLET L. WARMACK,   )
          )
    Debtors.   )
_____)

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON MOTION TO AVOID LIEN

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

### Findings of Fact

On September 30, 2005, debtors filed a motion, notice of motion, and declaration, seeking to reopen their case and

to avoid a nonpossessory, nonpurchase-money security
interest in household goods in favor of Pacific States
Credit Company.  Debtor attached as Exhibit A a U.C.C.
Financing Statement.

The court notes that it has previously denied debtors'
motions to avoid liens in favor of Pacific States Credit
Company for the following reasons: (1)debtors' Schedules B
and C were ambiguous; (2) debtors did not comply with Rule
7004(b)(3); and (3) the U.C.C. Financing Statement raised a
question as to whether Pacific States Credit Company might
have a purchase security interest.

On April 25, 2005, debtors filed Amended Schedules to
provide a detailed list of individual items of personal
property in Schedule B and exempt the same in Schedule C.

As to the instant motion to avoid lien and supporting
declaration therein, debtors establish that they have made
significant efforts to address the courts previously
mentioned concerns.  Although Pacific States Credit Company
has filed a U.C.C. Statement, debtors' counsel believes the
underlying debt at issue stems from credit card debt.
Debtors' counsel has corresponded with the owner of Pacific
States Credit Company on numerous occasions and requested
that he proffer the substantiating documents that prove the
lien at issue is something other than a nonpossessory,
nonpurchase-money security interest in household goods.
Said documents have not been produced.

Moreover, the motion and declaration establish that
under the circumstances debtors have properly served Pacific

States Credit Co.

A hearing was scheduled for November 1, 2005 to consider the motion.  No opposition to the motion has been filed.  Upon review of the record, the court decided to submit the matter on the record presented and removed the matter from calendar.


### Conclusions of Law

A debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that the lien impairs an exemption that is properly claimed and to which there is no objection.  11 U.S.C. § 522(f)(1).  The record reflects that the lien in favor of Pacific States Credit Company impairs an exemption to which the debtor is entitled.

The motion will be granted without prejudice.  An appropriate order will issue.

Dated: November 4, 2005

UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Harry Warmack
58 E Yolo Street
Orland, CA 95963

Violet Warmack
58 E Yolo Street
Orland, CA 95963

Michael Hays
1237 Mangrove Avenue
Chico, CA 95926

Pacific States Credit Company
Attn: Jeff McCoon
P.O. Box 250
Oakhurst, CA 93644

John Reger
P.O. Box 933
Palo Cedro, CA 96073

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814


Dated:  11/9/05


_____
Deputy Clerk